No. 23.—Nelson Tift, plaintiff in error, vs. Thomas H. Harden, defendant in error.

A. H. wrote to T. H. H., that he A. H. as agent for a "band," wished to pur-
chase certain musical instruments, and to purchase them as cheaply as possi-
ble; and that he requested him, T. H. H., to find out the price of such instru-
ments, and communicate it to him A. H., adding, that T. H. H. might state to
persons having such instruments for sale, that he, A. H., had the money in
hand, with which to pay for the musical instruments he desired. This wri-
ting was in the form of a letter, and was countersigned by one N. T.

T. H. H. bought the instruments himself, and forwarded them to A. H. The
latter misapplied the money entrusted to him, to be applied to paying for the
instruments, and failed to reimburse T. H. H. In fact, A. H. was insolvent.
*Held,* That N. T. was not liable to T. H. H. for the price of the instruments.

Assumpsit, from Dougherty. Tried before Judge Powers, at December Term, 1857.

This was an action by Thomas H. Harden, of Savannah' against Nelson Tift, brought to recover the sum of $130, the price of a lot of musical instruments sold to one Archibald A. Hunt.

Plaintiff alleged in his declaration, that said articles had been furnished by him to Hunt, upon the assurance and re-presentation of defendant, that he, Hunt, was trust worthy and entitled to credit, when at the time Hunt was utterly worthless and insolvent, and known so to be by Tift. That Hunt had failed to pay for the goods, and plaintiff was de-ceived and damaged by the false representations of defend-ant. Attached to the declaration was a bill of particulars of the articles sold.

Plaintiff read in evidence the following letters from Hunt, to the introduction of which defendant's counsel objected, but which objection the Court overruled, to-wit:

Albany, Ga., May 22d, 1851.

*Thomas H. Harden:*

Dear Sir: At the instigation of Col. Tift, of our county, I address you, a few lines, the purport of which is—the

young men of this place are desirous of forming a band; the purchase of the instruments has been left to me, with instructions to obtain them where they can be bought cheapest. Enclosed you will please find a list of the instruments, the cost of which you will ascertain and inform me forthwith. You can state in your inquiries of those men who have such articles, that the money is in hand.

I am sir, yours most respectfully,

A. A. HUNT.

Nelson Tift.

Albany, Ga., June 4th, 1851.

*Thomas H. Harden:*

Dear Sir: Enclosed you will please find same bill sent you once before, which consider as an order, and forward the instruments.

I will remit you by next mail a draft, drawn in your favor, which you will please pay over to the firm forwarding the instruments. I would have accompanied this letter with the draft, but W. W. Cheever, (of the firm of Sims & Cheever,) the only man from whom I could purchase a draft, is absent. Please state to the gentlemen forwarding the instruments, that they should be sent to the care of Central Railroad agent, Macon, and to Thornburg & Howard, of this place; also, state that the mouth-pieces are desired as small as can be procured.

By attention to the above, you will greatly oblige, yours, most respectfully,

A. A. HUNT.

P. S.—The draft will call as per bill for $122.

It appeared from the testimony of several witnesses, who were examined, that the musical instruments thus ordered, were purchased by plaintiff from Zogbaun & Co., of Savannah; that he paid for them and sent them as directed, to Albany, where they were received, and used by the young men

who composed the band, at the head of which was Hunt. That the sum of about $130 was made up by the young men to buy the instruments, and the money put into Hunt's hands as the agent of the band.

The jury found for the plaintiff the sum of $176 ,04, and cost of suit.

Defendant moved for a new trial on the following grounds, to-wit:

1st. Because the Court erred in admitting in evidence the letters from Hunt to plaintiff.

2d. Because the Court refused to charge the jury as requested by defendant's counsel, "that if they believed from the evidence that Tift had given authority to plaintiff to credit Hunt, then plaintiff, before he can recover, must show that he gave defendant notice that he had given credit to Hunt, that he afterwards called on Hunt for payment, which was refused, and that he gave defendant notice thereof in a reasonable time:" but instead thereof, the Court charged the jury that under the law, defendant was not entitled to notice of either of these facts; that if he gave authority to plaintiff to credit Hunt, and upon such authority credit was given to him, and plaintiff thereby sustained loss, that defendant was liable.

3d. Because the verdict was contrary to law, the charge of the Court and the weight of evidence.

The presiding Judge refused the motion for new trial, and defendant excepted.

Vason & Davis, for plaintiff in error.

Lyon; and Clarke, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

All that Tift did, was to countersign the first of the two letters written by Hunt to Harden.

The question therefore, is, whether this act of Tift's made him liable to Harden, for the price of the musical instruments purchased by Harden for Hunt.

What then did this act of Tift's amount to?

It amounted to an assurance by Tift to Harden, that the statements contained in the letter were *true*. It did not amount to an assurance by Tift to Harden, that Hunt was a person fit to be credited for the price of the musical instruments, and to a request by Tift to Harden, that Harden would credit Hunt for that price. Therefore it did not amount to a *guaranty* on the part of Tift—a guaranty of that price. Indeed it was not treated in the declaration as a *guaranty*. Indeed the act did not amount even to so much as an assurance, that Hunt was a person fit to be credited for the price of the musical instruments. Nor was there the least need that it should have amounted to such an assurance: Hunt had the money, with which to pay for the instruments. Hunt did not ask for *credit:* he asked for *information:* he asked Harden to find out the lowest price at which the musical instruments could be purchased, and to communicate that price when found out, to him.

And, perhaps it is equally true, that the act cannot, fairly construed, be made to amount to an assurance, that Hunt was a person that could be depended on to make a faithful application of the money that had been put into his hands to be used in the purchase of musical instruments? Is there any thing in the letter from which Harden would have had the right to infer, that either Hunt or Tift expected, or supposed, that the musical instruments would be sent to Hunt, before Hunt sent the money, with which to pay for them, to Harden, or to the house having them for sale? It can hardly be said that there is, and if there is not, then there is nothing in the letter from which Harden might infer an assurance on the part of Tift, that Hunt was a person who might be depended on to make a faithful application of

the money put into his hands, to be applied in payment for musical instruments.

But even if the act may, fairly . construed, be made to amount to such an assurance as this, yet the act can be of no avail to Harden as the case stands : the declaration does not contain any allegation, that Tift *knew* that Hunt was *not* a man who could be so depended on.

The result is, that this act of Tift's no more amounts to a *deceit*, than it does to a *guaranty*.   *Slade vs. Little*, 20. *Ga.* 371 ;  *Bennet vs. Terrill, Id.* 83;  *Stanley's Ex'ors vs. Jackson,* 19. *Ga.*

But unless the act was such that it amounted to a deceit, or to a guaranty, it could not give a right of action to Harden against Tift.   And unless it could do this, evidence of it could not be admissible in support of an action by Harden against Tift.

This being so, the Court below erred in admitting the letter; or at least, the verdict was contrary to law and evidence. Therefore, either way, the Court below erred in not granting a new trial.

There ought to be a new trial.